UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JOSEPH MADRID, | Case No. 1:18-cv-00947-DAD-EPG (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL AND/OR AN INVESTIGATOR |
| v. | |
| KATHLEEN ALLISON, et al., | (ECF NO. 20) |
| Defendants. | |

David Madrid ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On October 11, 2018, Plaintiff filed a motion for appointment of pro bono counsel and/or an investigator.[1] (ECF No. 20).

Plaintiff asks for appointment of counsel because he is unable to afford counsel, because his incarceration limits his ability to litigate and preserve evidence, because this case is complex, because this case will require significant research and investigation, because he is "a layman at

---

[1] While titled as a motion for reconsideration of the order denying Plaintiff's prior motion for appointment of pro bono counsel, Plaintiff does not appear to be asking for reconsideration of that order. Instead, it appears that Plaintiff has filed another motion for appointment of pro bono counsel.

1

law," because he does not have the materials or tools necessary to complete his claims or follow the Court's processes, because having counsel would allow him to fully develop his claims without fear of retaliation or withholding of evidence, and because he has made a strong showing of his claim(s).

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court cannot make a determination that Plaintiff is likely to succeed on the merits of his claims (the case is still at the screening stage). Moreover, based on the complaint, it appears that Plaintiff can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

As to Plaintiff's request for a "panel investigator," Plaintiff's request will be denied because it is unclear what Plaintiff is asking for. If Plaintiff renews his motion, he should specify the relief he is seeking. The Court notes that it does not have a panel of pro bono investigators.

///
///
///

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel and/or an investigator is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **October 15, 2018**         /s/ Elicia P. Grosj
UNITED STATES MAGISTRATE JUDGE