| | |
|---|---|
| | |

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| DAVID JOSEPH MADRID, | Case No. 1:18-cv-00947-DAD-EPG (PC) |
|---|---|
| Plaintiff, | ORDER DENYING MOTION FOR STAY OF PROCEEDINGS WITHOUT PREJUDICE |
| v. | (ECF No. 29) |
| A. DE LA CRUZ, et al., | |
| Defendants. | |

David Madrid ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

The Court has before it Defendants' Motion for Stay. (ECF No. 29). Defendants seek a stay of the proceedings until Plaintiff's pending criminal proceeding is resolved. Defendants claim that because Plaintiff is being criminally prosecuted in Kern County Superior Court for "the same items he claims that Defendants De La Cruz and Lopez improperly confiscated from him," the case should be stayed. (*Id*. at 3).

For the reasons below, Defendants' request will be denied without prejudice.

\\\
\\\

1

## I. BACKGROUND

### A. Procedural History

Plaintiff filed his complaint on July 16, 2018. (ECF No.1). "Plaintiff's claims arise out of his treatment at a medical facility following an altercation at a prison," on November 8 and 9, 2016. (ECF No. 18 at 3). Defendants allegedly confiscated contraband from Plaintiff, found during a CAT-scan. (*Id*. at 4). Plaintiff alleged that Defendants refused to address or allow medical staff to address his medical needs, used excessive restraints on him, exposed and humiliated him in front of a female nurse, and prevented medical staff from addressing his pain. (*Id*. at 3-5). Plaintiff argues that Defendants' actions were unnecessary, given that the CAT-scan already revealed that contraband was present in his rectum. (ECF No. 1 at 5).

This case is proceeding on Plaintiff's claims of (1) deliberate indifference to serious medical needs, (2) retaliation, (3) unreasonable search, and (4) excessive force, occurring both before and after the Defendants confiscated contraband from his person. (ECF No. 18 at 1).

On June 5, 2017, the Kern County District Attorney's Office filed a criminal complaint against Plaintiff, charging him with possession of controlled substances while in prison based on the contraband Defendants confiscated from Plaintiff on November 9, 2016. (ECF No. 30).[1] The criminal trial is set to occur on July 15, 2019.[2]

### B. Legal Standards

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). "In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence." *Id*. "Nevertheless, a court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem to require such action." *Id*. "A court must decide whether to

---

[1] This Court takes judicial notice that there is a pending criminal case related to the contraband mentioned. (ECF No. 30 at Exhibit B). This Court can take judicial notice of another court's documents of undisputed authenticity. *Lee v. City of L.A.,* 250 F.3d 668, 689 (9th Cir. 2001). "Taking Notice. The court: must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

[2] This Court takes judicial notice of the pending criminal trial date. *Criminal Case Information*, County of Kern (July 3, 2019), https://www.kern.courts.ca.gov/online_services/criminal_case_search. "Taking Notice. The court: may take judicial notice on its own." Fed. R. Evid. 201(c)(1).

stay civil proceedings in the face of parallel criminal proceedings in light of the particular circumstances and competing interests involved in the case." *Federal Savings & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (1989). In making its decision the court should consider six factors:

> (1) the extent that defendant's fifth amendment rights are implicated; (2) the interest of the plaintiff in proceeding with the litigation and the potential prejudice to plaintiff of a delay (3) the burden on defendants; (4) the convenience of the court and the efficient use of judicial resources; (5) the interests of third parties; and (6) the public interest in the pending civil and criminal litigation.

*Id*. at 902-903.

*Younger* abstention applies when a plaintiff seeks damages, injunctive, or declaratory relief in a civil case that runs parallel to related state criminal proceedings. *Gilbertson v. Albright*, 381 F.3d 965, 970 (9th Cir. 2004). A court may apply a stay under *Younger* when: "(1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the constitutional claims." *Escobar v. LASD Male Doe*, 2017 WL 7050642, at *2 (C.D. Cal. Nov. 30, 2017) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982)).

### C. Defendants' Motion to Stay

In support of their motion, Defendants argue that courts have the discretion to stay civil proceedings pending the outcome of related criminal proceedings when the interests of justice require such action. (ECF No. 29 at 4). Defendants claim that because the issues in this case and the criminal case are based on the same factual and legal issues, the pending civil case may implicate Plaintiff's Fifth Amendment rights. (*Id*. at 5).

Furthermore, Defendants argue that a brief stay would pose little risk of prejudice to Plaintiff. (*Id*.). Defendants state that "since both proceedings involve similar facts and witnesses, it is unlikely that evidence will be lost or memories will fade with the passage of time." (*Id*.).

Defendants also express a concern that proceeding with the civil case may improperly limit defenses available. (*Id*.). They argue that until that prosecution is completed, "it is unclear whether Defendants are entitled to, for example, a *Heck* bar, issue preclusion, or other defenses

related to Plaintiff's conviction." (*Id*. at 6).

Next, Defendants argue that this Court should stay the civil case until after the criminal action under the *Younger* abstention doctrine. (*Id*.). Defendants state that Plaintiff's case meets the three requirements of the *Younger* abstention doctrine. (*Id*. at 7). They argue that the criminal trial is ongoing, that the State has an interest in ensuring the integrity of its criminal justice system, and that Plaintiff may raise his constitutional issues in the criminal case.

### D. Plaintiff's Response

Regarding his Fifth Amendment rights, Plaintiff states that everything he has already claimed is under oath and that he has no concerns that his civil case will implicate his Fifth Amendment rights. (ECF No. 38 at 5).

Plaintiff further argues that criminal discovery will not cover most of the evidence or witnesses regarding the civil matter and the delay will prejudice him. (*Id*. at 4, 5).

Plaintiff then argues that Defendants offer no evidence that his claim can be resolved in the criminal proceedings. (*Id*. at 6). Plaintiff supports his argument by claiming that the evidence he intends to seek is not covered by criminal discovery and that he would suffer irreparable harm in the loss of evidence if the civil case is stayed. (*Id*. at 6, 7).

### II. ANALYSIS

As described above, this Court has the discretion to stay civil proceedings pending the outcome of related criminal proceedings. Currently, this Court declines to stay the case.

Regarding the first factor, Plaintiff has voiced that he has no concerns that his Fifth Amendment rights will be implicated by the civil case moving forward. (ECF No. 38 at 5). AS the Court in *Tene v. City and County of San Francisco*, 2004 WL 1465726 (N.D. Cal. May 12, 2004) held in a similar situation:

> By filing suit, plaintiff assumed the responsibility of proving through admissible evidence the serious allegations of his complaint. This is not a situation where plaintiff has been haled into this Court involuntarily as a defendant and presented with the dilemma of having to choose between asserting or waiving his Fifth Amendment rights. Plaintiff instead voluntarily invoked the procedures of this Court. To make him waive his Fifth Amendment rights in this civil **case** (or be exposed to certain consequences for not doing so) does not lead to such an intolerable or unjust result.

*Id.* at *9. Here, by bringing a civil suit, Plaintiff is voluntarily invoking the procedures of this Court. Similarly, waiving his Fifth Amendment rights in this civil case does not lead to an unjust result. Thus, this is not a reason to stay the case.

Regarding the second factor, Defendants also argue that staying the civil case will pose little risk of prejudice to Plaintiff. The Court disagrees. Although there is an overlap in facts between the civil case and criminal case, the civil case involves more than the possession of controlled substances. The civil case also involves events that happened before and after the controlled substances were found, events that require more evidence than the criminal case will likely cover. More specifically, Plaintiff's claims of deliberate indifference to serious medical needs, retaliation, and excessive force are unlikely to be resolved by the criminal trial. Contrary to the Defendants' argument, there is a risk that important evidence will be lost and memories will fade with the passage of time if the civil case is stayed. *See Securities and Exchange Commission v. Blockvest, LLC*, 2019 WL 1510912, at *4 (S.D. Cal. April 5, 2019) (deciding that, "[i]f a stay is imposed, a delay in the enforcement proceedings will cause witness memories to fade and evidence [to be] lost").

Regarding the third factor, Defendants' legitimate concern that the civil case may improperly limit defenses available does not appear to be relevant at this time as the case proceeds through discovery, although it may become relevant as the cases develop. Plaintiff states that the contraband found on him was already revealed by the CAT-scan and that Defendants claimed to have already found contraband on Plaintiff prior to that found from the post CAT-scan inspection. (ECF No. 38 at 9), (ECF No. 34 at 3). In this case, the actual possession of the contraband is not in question, but rather the events surrounding it.

Additionally, the criminal trial is set to occur on July 15, 2019 and will likely be decided before the dispositive motion deadline. If it is not, Defendants may move for a stay of the case at that time if they believe one is still warranted.

Regarding the remaining factors, continuing with this case is currently the most efficient direction for this court and it is in any concerned third party's and the public's best interest to avoid undue delay and move forward with this case.

5

Finally, as to Defendants' request that the court abstain under *Younger*, "only exceptional circumstances" justify a federal court's abstention of a civil case under the *Younger* abstention doctrine. *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989). Exceptional circumstances are not present here. Furthermore, the criminal case will not resolve all the constitutional issues that Plaintiff alleges, specifically the deliberate indifference to serious medical needs, retaliation, and excessive force claims. Without an adequate opportunity to resolve these claims in the criminal case, applying the *Younger* doctrine would unreasonably prejudice Plaintiff. Additionally, the criminal case is likely to be decided before any dispositive rulings in this case. It is in the public's best interest to proceed with the case for the time being, rather than leave it stagnant pending the outcome of the criminal case.

**III.    Conclusion**

Accordingly, based on the foregoing, IT IS ORDERED that Defendants' motion for stay of proceedings is DENIED without prejudice.[3]

IT IS SO ORDERED.

Dated:   **July 9, 2019**          /s/ Eric P. Groj
                                   UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff also filed a notice on June 27, 2019. (ECF No. 44). Plaintiff states that he received this Court's ruling denying Plaintiff's motion for appointment of pro bono counsel. (*Id*.). Plaintiff also expresses concern over staying this case and frustrations with L.A. County Jail over denied copying requests. (*Id*.). However, Plaintiff fails to ask the Court to take any action. (*Id*.). If Plaintiff is seeking a court order, Plaintiff should file a motion that clearly lays out what he is requesting.