UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JOSEPH MADRID,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. DE LA CRUZ and M. LOPEZ,<br><br>　　　　　Defendants. | Case No. 1:18-cv-00947-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL, WITHOUT PREJUDICE<br><br>(ECF NO. 47) |

David Madrid ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On July 26, 2019, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 47). Plaintiff asks for appointment of counsel because he cannot afford to hire counsel; because his imprisonment will greatly limit his ability to litigate; because the issues in this case are complex and will require significant research and investigation; because Plaintiff is currently in L.A. County Jail, and has no access to his property or a law library; because Plaintiff cannot secure evidence or witness statements properly; because counsel could readily preserve the chain of custody of evidence; because counsel could assist Plaintiff in determining the exact amount of damages; because counsel could assist Plaintiff in a full medical and psychological evaluation; because appointment of counsel would assist in fully developing Plaintiff's claims and creating

1

effective communication with legal professionals and Defendants' counsel; because trial will likely involve conflicting testimony, and counsel would better enable Plaintiff to present evidence and cross-examine witnesses; and because, despite repeated attempts to locate pro-bono counsel, Plaintiff has been unable to find representation.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.
IT IS SO ORDERED.

Dated: **July 29, 2019**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE