UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DAVID JOSEPH MADRID,<br><br>        Plaintiff,<br><br>    v.<br><br>A. DE LA CRUZ and M. LOPEZ,<br><br>        Defendants. | Case No. 1:18-cv-00947-DAD-EPG (PC)<br><br>ORDER OPENING DISCOVERY AND SETTING TELEPHONIC SCHEDULING CONFERENCE<br><br>(ECF No. 59)<br><br>ORDER DIRECTING CLERK TO MAIL A COPY OF THIS ORDER TO: SHERIFF OF LOS ANGELES COUNTY, 211 WEST TEMPLE STREET, LOS ANGELES, CA 90012 |

David Madrid ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On October 23, 2019, the Court vacated the scheduling conference that was set in this case. (ECF No. 57). The Court also required Plaintiff "to file a notice stating whether he has enough funds in his prisoner trust account to pay for a phone call, and if so, whether he wants to use his funds in such a manner. The notice shall also include either an estimate regarding [] how long Plaintiff will be housed in Los Angeles County Jail, or a statement that Plaintiff does not know how long he will be housed in Los Angeles County Jail." (*Id.* at 2). The Court stated that, "[a]fter receiving Plaintiff's notice, the Court will either reset the scheduling conference or issue a scheduling order without holding a scheduling conference." (*Id.* at 2).

On November 7, 2019, Plaintiff filed the required notice. (ECF No. 58). Plaintiff stated

that he is able to purchase phone time so that he can appear at the scheduling conference, and that he believes he will be housed in Los Angeles County Jail for a year or more. (*Id.* at 1). On December 13, 2019, Plaintiff filed a request for a new scheduling conference date. (ECF No. 59).[1]

Given Plaintiff's assertion that he will be able to pay for a phone call so that he can telephonically attend a scheduling conference, as well as his request for the Court to set a scheduling conference, the Court will reset the scheduling conference.

Additionally, given the delays that have occurred in this case, the Court will now open discovery. The parties may begin taking discovery immediately, as described below. The Court will set further dates at or shortly after the scheduling conference.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for a new scheduling conference date is GRANTED. A telephonic scheduling conference is set for March 2, 2020, at 1:30 p.m., in Courtroom 10 (EPG) before Magistrate Judge Erica P. Grosjean.

2. To appear telephonically, Plaintiff is directed to use the following dial-in number: 559-515-4088.

3. To appear telephonically, defense counsel is directed to use the following dial-in number, meeting number, and PIN: dial-in number 858-812-0972; meeting number 3000023; PIN 5910.

4. Plaintiff shall make arrangements with staff at his institution of confinement for his attendance at the conference.

5. Plaintiff's institution of confinement shall make Plaintiff available for the conference at the date and time indicated above.

6. To the extent possible, prior to the conference defense counsel shall confirm with Plaintiff's institution of confinement that arrangements have been made for

---

[1] In this request Plaintiff also "requests that Defendants['] request to prevent or hinder Plaintiff[']s case be denied in the interest of justice." (ECF No. 59, p. 1). The Court notes that Defendants have filed not filed any such request.

Plaintiff's attendance.

7. The Clerk of Court is directed to mail a copy of this order to: Sheriff of Los Angeles County, 211 West Temple Street, Los Angeles, CA 90012.

8. Discovery is now open. Discovery shall proceed as follows:

   a. Discovery requests shall be served by the parties pursuant to Federal Rule of Civil Procedure 5 and Local Rule 135. Discovery requests and responses shall not be filed with the Court unless required by Local Rules 250.2, 250.3, or 250.4 (providing that discovery requests shall not be filed unless or until there is a proceeding in which the document or proof of service is at issue). A party may serve on any other party no more than 15 interrogatories, 15 requests for production of documents, and 15 requests for admission. On motion, these limits may be increased for good cause.

   b. Responses to written discovery requests shall be due **forty-five (45) days** after the request is first served. Boilerplate objections are disfavored and may be summarily overruled by the Court. Responses to document requests shall include all documents within a party's possession, custody or control. Fed. R. Civ. P. 34(a)(1). Documents are deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof, or the legal right to obtain the property on demand.

   c. If any party or third party withholds a document on the basis of privilege, that party or third party shall provide a privilege log to the requesting party identifying the date, author, recipients, general subject matter, and basis of the privilege within **thirty (30) days** after the date that responses are due. **The privilege log shall simultaneously be filed with the Court. Failure to provide and file a privilege log within this time shall result in a waiver of the privilege.** Additionally, **if a party is claiming a right to withhold witness statements and/or evidence gathered from investigation(s) into the incident(s) at issue in the complaint based on**

3

**the official information privilege, the withholding party shall submit the withheld witness statements and/or evidence to the Court for *in camera* review, along with an explanation of why the witness statements and/or evidence is privileged.**[2]  The witness statements and/or evidence shall be Bates stamped, and mailed to Judge Grosjean at 2500 Tulare Street, Sixth Floor, Fresno, CA 93721.  The withholding party shall also file and serve a notice that they have complied with this order.  All other claims of privilege, including claims of the official information privilege over information other than witness statements and/or evidence gathered from investigation(s) into the incident(s) at issue in the complaint, may be challenged via a motion to compel.

    d.  Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), Defendant(s) may depose Plaintiff and any other witness confined in a prison on the condition that, at least fourteen (14) days before such a deposition, Defendant(s) serve all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1).  Plaintiff's failure to participate in a properly noticed deposition could result in sanctions against Plaintiff, including monetary sanctions and/or dismissal of this case.  Pursuant to Federal Rule of Civil

---

[2] *See Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006) ("[P]roper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court.  When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved.").

       The "common law governmental privilege (encompassing and referred to sometimes as the official or state secret privilege) . . . is only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure . . . ."  *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975) (internal citations omitted).  The Ninth Circuit has since followed *Kerr* in requiring *in camera* review and a balancing of interests in ruling on the government's claim of the official information privilege.  *See, e.g., Breed v. U.S. Dist. Ct. for N. Dist. of Cal.*, 542 F.2d 1114, 1116 (9th Cir. 1976) ("[A]s required by Kerr, we recognize 'that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege.'") (quoting *Kerr v. U. S. Dist. Ct. for N. Dist. of Cal.,* 426 U.S. 394, 406 (1976)); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990), *as amended on denial of reh'g* (Feb. 27, 1991), *as amended on denial of reh'g* (May 24, 1991) ("Government personnel files are considered official information.  To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages.  If the latter is greater, the privilege bars discovery.") (internal citations omitted).

Procedure 30(b)(4), the parties may take any deposition under this section by video conference without a further motion or order of the Court. Due to security concerns and institutional considerations not applicable to Defendant(s), Plaintiff must seek leave from the Court to depose incarcerated witnesses pursuant to Federal Rule of Civil Procedure 30(a)(2). Nothing herein forecloses a party from bringing a motion for protective order pursuant to Federal Rule of Civil Procedure 26(c)(1) if necessary.

e. With the Court's permission, Plaintiff may serve third party subpoenas, including on the California Department of Corrections and Rehabilitation and/or the Office of the Inspector General, if Plaintiff seeks documents from entities that are not presently defendants in this case. To issue a subpoena on these entities, or any other third parties, Plaintiff must file a request for the issuance of a subpoena *duces tecum* with the Court. If the Court approves the request, it may issue Plaintiff a subpoena *duces tecum*, commanding the production of documents from a non-party, and may command service of the subpoena by the United States Marshals Service. Fed. R. Civ. P. 45; 28 U.S.C. 1915(d). However, the Court will consider granting such a request *only if* the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendant(s) through a Rule 34 request for production of documents. In any request for a subpoena, Plaintiff must: (1) identify with specificity the documents sought and from whom; and (2) make a showing in the request that the records are only obtainable through a third party. The documents requested must also fall within the scope of discovery allowed in this action. *See* Fed. R. Civ. P. 26(b)(1).

f. The parties are required to act in good faith during the course of discovery and the failure to do so may result in the payment of expenses pursuant to

Federal Rule of Civil Procedure 37(a)(5) or other appropriate sanctions authorized by the Federal Rules of Civil Procedure or the Local Rules.

IT IS SO ORDERED.

Dated:  **January 8, 2020**                    /s/ Enric P. Groi
                                                UNITED STATES MAGISTRATE JUDGE