UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JOSEPH MADRID,<br><br>    Plaintiff,<br><br>    v.<br><br>A. DE LA CRUZ and M. LOPEZ,<br><br>    Defendants. | Case No. 1:18-cv-00947-DAD-EPG (PC)<br><br>ORDER FOLLOWING INITIAL SCHEDULING CONFERENCE |

    David Madrid ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated in Los Angeles County Jail.

    On March 2, 2020, at 1:30 p.m., the Court attempted to hold an Initial Scheduling Conference ("Conference"). (ECF No. 63). Prior to the Conference, the Court issued an order directing Los Angeles County Jail to make Plaintiff available for the Conference. (ECF No. 60, p. 2). Additionally, court staff specially set up a phone line compliant with Los Angeles County Jail requirements, so that Plaintiff could participate telephonically in the Conference.

    Defense counsel Jaime Ganson telephonically appeared at the conference. Plaintiff did not appear.[1] Given the difficulties in arranging the Conference, as well as Defendants' assertion that they intend to file a motion for summary judgment for failure to exhaust available

---

[1] Approximately thirty minutes after the conference was scheduled to begin, Irma Munoz, a Courtroom Deputy for another judge in this division, received a call from someone purporting to be Plaintiff's mother. According to the caller, Plaintiff has retained counsel for this case. However, Plaintiff's attorney did not appear at the conference and has not entered an appearance in this case.

1

administrative remedies (ECF No. 62, p. 4), the Court will not schedule the case or set a further scheduling conference at this time. Instead, the Court will limit discovery to the issue of exhaustion,[2] and give Defendants ninety days from the date of service of this order to file a motion for summary judgment for failure to exhaust.[3]

Additionally, given Defendants' assertion that they have not received Plaintiff's initial disclosures (id. at 2), the Court will direct Plaintiff to serve defense counsel with his initial disclosures within thirty days from the date of this order.

Finally, the Court notes that Defendants allege that discovery requests Defendants mailed to Plaintiff "were returned to [defense counsel] with the handwritten notation 'refused mail' on the front of the envelope. Defendants seek assistance from the Court to advise Madrid of his duty to timely respond to these discovery requests." (Id. at 3) (citation omitted). It is not clear who wrote "refused mail" on the envelope, or why the mail was refused. However, the Court warns Plaintiff that if he fails to participate in this case, including by failing to respond to discovery requests, he may be sanctioned.

Based on the foregoing, IT IS ORDERED that:

1. Discovery is stayed except as to the issue of exhaustion of administrative remedies.

2. Defendants have ninety days from the date of service of this order to file a motion for summary judgment for failure to exhaust available administrative remedies. Failure to raise the exhaustion issue by this deadline will result in waiver of the defense. See Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014) (providing that the exhaustion question should be decided as early as feasible).

3. Plaintiff has thirty days from the date of service of this order to serve Defendants' counsel with his initial disclosures. As discussed in the Court's prior order (ECF No. 46), Plaintiff shall provide Defendants with "[t]he name

---

[2] The Court opened discovery on January 8, 2020. (ECF No. 60).
[3] While the Court is limiting discovery at this time, the Court may open discovery generally and set a schedule prior to the resolution of Defendants' motion for summary judgment.

and, if known, the address and telephone number of each individual likely to have discoverable information−along with the subjects of that information−that [Plaintiff] may use to support [his] claims or defenses, unless the use would be solely for impeachment." (Id. at 3). Plaintiff shall also provide Defendants with a "copy−or a description by category and location−of all documents, electronically stored information, and tangible things that [Plaintiff] has in [his] possession, custody, or control and may use to support [his] claims or defenses, unless the use would be solely for impeachment." (Id.)

IT IS SO ORDERED.

Dated: **March 3, 2020**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE