UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JOSEPH MADRID,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. DE LA CRUZ and M. LOPEZ,<br><br>　　　　　Defendants. | Case No. 1:18-cv-00947-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS REQUESTING DISCOVERY, APPOINTMENT OF PRO BONO COUNSEL, AND AN ORDER DIRECTING THAT PLAINTIFF BE GIVEN ACCESS TO THE LAW LIBRARY/LEGAL RESOURCES<br><br>(ECF Nos. 49 & 50) |

David Madrid ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On September 23, 2019, Plaintiff filed motions requesting discovery, appointment of pro bono counsel, and an order directing that he be given access to the law library/legal resources. (ECF Nos. 49 & 50).

All of Plaintiff's requests will be denied. As to Plaintiff's request for discovery, it will be denied because there is no need to file a motion for discovery requests. If Plaintiff is seeking discovery from Defendants, he should serve his discovery requests on defense counsel. If Plaintiff is seeking documents from a third party, he should file a motion for a third party subpoena.[1]

---

[1] The Court notes that, at this time, discovery is limited to the issue of exhaustion of administrative remedies.

1

As to Plaintiff's request for an order directing that he be given access to the law library/legal resources, it will be denied without prejudice.[2] Plaintiff attaches evidence that he requested legal forms and access to the law library. However, Plaintiff did not attach any responses to his requests, or allege what the responses were. He also does not detail how much access, if any, he has to the law library, or what legal resources he is being denied access to.

Finally, as to Plaintiff's request for appointment of pro bono counsel, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

Based on the foregoing, IT IS ORDERED that:

1. Plaintiff's motion for discovery is DENIED;

---

[2] In his motion, Plaintiff alleges that Los Angeles County Jail is not honoring this Court's "order for legal assistance." (ECF No. 50, p. 1). However, the Court has not issued an order directing Los Angeles County Jail to provide Plaintiff with legal assistance.

2. Plaintiff's motion for an order directing that he be given access to the law library/legal resources is DENIED without prejudice; and

3. Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: __**March 3, 2020**__    /s/ Erica P. Grosjean
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE