UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JOSEPH MADRID,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>A. DE LA CRUZ and M. LOPEZ,<br><br>　　　　Defendants. | Case No. 1:18-cv-00947-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL, WITHOUT PREJUDICE<br><br>ORDER GRANTING PLAINTIFF AN EXTENSION OF TIME<br><br>(ECF NO. 71) |

　　　　David Madrid ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff is currently incarcerated in Los Angeles County Jail.

　　　　On May 11, 2020, Plaintiff filed a motion for appointment of pro bono counsel.  (ECF No. 71).[1]  Plaintiff asks for appointment of counsel because he is a layman at law; because he lacks

---

[1] In the title of the motion, Plaintiff also states that he is asking for an extension of time, for initial disclosures, and for discovery.  However, Plaintiff's motion does not address these requests or ask for any relief other than appointment of counsel.  If Plaintiff is seeking any other relief, Plaintiff should file separate motion(s) specifically requesting that relief and explaining why he believes he is entitled to that relief.

　　Nevertheless, given Plaintiff's allegations regarding the quarantine and lack of access to legal resources, the Court will give Plaintiff an additional twenty-one days from the date of service of this order to file his response to Defendants' motion to compel (ECF No. 69) and to show cause why this action should not be dismissed for failure to comply with court orders and failure to prosecute (ECF No. 70).  If Plaintiff needs additional time to respond, he should file a motion for an extension of time.

the resources he needs to make persuasive legal filings; because he has no access to legal books, legal computers, or legal directories; because his housing dorm is being quarantined due to possible exposure to COVID-19; because he has been diligent in seeking hired or pro bono counsel; because Plaintiff believes he will be successful at trial; and because this case is extremely complex.

On May 12, 2020, Defendants filed their opposition to Plaintiff's motion.  (ECF No. 72).

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  Id. (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time.  The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims.  Moreover, it appears that Plaintiff can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

///

///

///

IT IS FURTHER ORDERED that Plaintiff has twenty-one days from the date of service of this order to file his response to Defendants' motion to compel (ECF No. 69) and to show cause why this action should not be dismissed for failure to comply with court orders and failure to prosecute.

IT IS SO ORDERED.

Dated: __May 13, 2020__                    /s/ *Erica P. Grosjean*
                                           UNITED STATES MAGISTRATE JUDGE