UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JOSEPH MADRID,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. DE LA CRUZ and M. LOPEZ,<br><br>　　　　Defendants. | Case No. 1:18-cv-00947-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDERS<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

　　　　David Madrid ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights case filed pursuant to 42 U.S.C. § 1983.  Plaintiff is currently incarcerated in Los Angeles County Jail.  Plaintiff filed the complaint commencing this case on July 13, 2018. (ECF No. 1).

　　　　Plaintiff has repeatedly failed to prosecute this case and to comply with court orders. Accordingly, the Court will recommend that this case be dismissed, without prejudice, because of Plaintiff's failure to prosecute and failure to comply with court orders.

**I.　BACKGROUND**

　　　　On July 11, 2019, the Court issued an order requiring the parties to provide each other with initial disclosures.  (ECF No. 46).  In their amended scheduling conference statement, which was filed after the deadline to provide initial disclosures had passed, Defendants asserted that Plaintiff failed to provide them with his initial disclosures.  (ECF No. 62, p. 2).  Also,

Defense counsel alleged that she mailed discovery requests to Plaintiff, but "the written discovery requests were returned to [her] with the handwritten notation 'refused mail' on the front of the envelope." (Id. at 3).

On March 2, 2020, the Court attempted to hold an initial scheduling conference. (ECF No. 63). Plaintiff did not appear. (Id.). After the Court attempted to hold the initial scheduling conference, the Court issued an order, among other things, requiring Plaintiff to serve defense counsel with his initial disclosures. (ECF No. 64, pgs. 2-3). The Court also warned Plaintiff "that if he fails to participate in this case, including by failing to respond to discovery requests, he may be sanctioned." (Id. at 2).

On April 16, 2020, Defendants filed a motion to compel. (ECF No. 69). According to Defendants, "[d]espite multiple orders, Madrid failed to provide initial disclosures. And although Defendants served written discovery requests on Madrid three separate times, he failed to provide any response whatsoever, and did not bother to seek relief from the deadline." (Id. at 3).

On April 17, 2020, the Court gave Plaintiff thirty days to respond to Defendants' motion. (ECF No. 70). The Court also directed Plaintiff "to show cause why this action should not be dismissed for failure to comply with court orders and failure to prosecute." (Id. 1-2).

While Plaintiff did file his initial disclosures in response (ECF No. 73, pgs. 2-5), Plaintiff did not respond to Defendants' motion to compel or the Court's order to show cause. To the extent Plaintiff responded at all, the entirety of Plaintiff's response to Defendants' motion to compel and this Court's order to show cause appears to be: "Defendant(s) continue to motion this court for sanctions or denial of the limited legal help that barely exist [sic]. Plaintiff, in pro se[,] is not held to the same stringent standards as a legal advocate. Plaintiff, again[,] is limited to every legal resource available for an incarcerated inmate." There is no explanation as to why Plaintiff twice ignored this Court's order for him to provide initial disclosures, or any explanation as to why he did not respond to Defendants' discovery requests even though he was explicitly warned that failing to respond to discovery requests could lead to sanctions.

## II. ANALYSIS

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." Pagtalunan, 291 at 639. Here, Plaintiff's repeated failure to follow this Court's orders and to prosecute this case is interfering with docket management. For example, on March 4, 2020, the Court essentially stayed this case pending resolution of the exhaustion issue and gave Defendants ninety days to file their motion for summary judgment on the issue of exhaustion. (ECF No. 64, p. 2). The ninety-day deadline has passed, but the Court had to extend the deadline twice due to Plaintiff's failure to follow this Court's orders and to prosecute this case (ECF Nos 70 & 77). The motion still has not been filed, and the delay is largely due to Plaintiff's failure to respond to discovery on this issue. While Plaintiff did file his initial disclosures, Plaintiff still has not responded to Defendants' discovery requests or appropriately responded to their motion to compel (despite being ordered to respond by the Court). Therefore, the second factor weighs heavily in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. at 642 (citing Yourish, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will

become stale," id. at 643, and as described above, it is Plaintiff's repeated failure to follow this Court's orders and to prosecute this case that is causing delay. Thus, this factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's incarceration and his *in forma pauperis* status, it appears that monetary sanctions are of little use. And, given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. Id.

After weighing the factors, the Court finds that dismissal without prejudice is appropriate.

### III. RECOMMENDATIONS

Accordingly, the Court HEREBY RECOMMENDS that:

1. This case be dismissed, without prejudice, based on Plaintiff's failure to prosecute and failure to comply with court orders; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections.

\\\

\\\

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 2, 2020**         /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE