UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JOSEPH MADRID,<br><br>Plaintiff,<br><br>v.<br><br>A. DE LA CRUZ, et al.,<br><br>Defendants. | No. 1:18-cv-00947-DAD-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 78) |

Plaintiff David Madrid is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights case filed pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 2, 2020, the assigned magistrate judge issued findings and recommendations, recommending that this case be dismissed without prejudice due to plaintiff's failure to prosecute and failure to comply with court orders.  (Doc. No. 78 at 4.)  Plaintiff was provided fourteen (14) days to file objections to the findings and recommendations.  (*Id.* at 4–5.)  Plaintiff filed his objections to the findings and recommendations on July 27, 2020.[1]  (Doc. No. 81.)

---

[1] The caption of plaintiff's objections states that he is requesting an extension of time to submit evidence in support of his objections. (Doc. No. 81.)  However, in the body of this filing plaintiff fails to request any such extension of time nor does he explain why an extension of time is necessary.  Moreover, plaintiff attached evidence to his objections.  (*See id.* at 15–46.)  Accordingly, the court will deny plaintiff's request for an extension of time as unsupported and unnecessary.

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

In plaintiff's objections, he describes several difficulties he has faced in litigating this action while incarcerated, including that (1) the process by which jail phone minutes are processed did not allow him to call the court provided phone number for a March 2, 2020 scheduling conference, and he asked two family members to alert the court clerk of his difficulty in that regard (Doc. No. 81 at 2); (2) plaintiff has consistently informed the court that it is impossible for him to obtain copies of legal documents and materials (*id.* at 3); (3) the Los Angeles County jails' mail staff have been overworked and quarantined, preventing plaintiff from meeting court deadlines (*id.* at 4–6; *see also id.* at 24–30); and (4) the COVID-19 pandemic has inhibited his ability to litigate this case (*id.* at 6). However, on May 13, 2020 the magistrate judge granted plaintiff an additional twenty-one days to respond both to defendants' motion to compel and the court's order to show cause "given Plaintiff's allegations regarding the quarantine and lack of access to legal resources." (Doc. No. 74 at 1 n.1.) In granting plaintiff that extension of time, the magistrate judge also stated that "[i]f Plaintiff needs additional time to respond, he should file a motion for an extension of time." (*Id.*) Thus, even assuming *arguendo* that plaintiff's allegations are true, he should have but did not file a motion seeking a further extension of time. As explained in the pending findings and recommendations, plaintiff has yet to explain why he "twice ignored this Court's order for him to provide initial disclosures, or any explanation as to why he did not respond to Defendants' discovery requests even though he was explicitly warned that failing to respond to discovery requests could lead to sanctions." (Doc. No. 78 at 2.)

In his objections plaintiff also describes his encounter with an attorney who claimed he would represent plaintiff despite being suspended from the practice of law. Plaintiff asserts that he hired attorney Anthony Contreras in February 2020, by sending funds to his mother to pay attorney Contreras. (Doc. No. 81 at 6.) According to plaintiff, although he believed the attorney would begin controlling the case at that point, attorney Contreras failed to answer phone calls

from plaintiff. (*Id.*) Plaintiff asked his family to provide this court with this explanation of the circumstances, as he continued to receive mail from the court. (*Id.* at 6–7.) According to plaintiff, it was not until July 2, 2020 that attorney Contreras wrote him a letter explaining that his state bar license had been revoked or suspended.[2] (*Id.* at 7.) Even accepting plaintiff's argument that he was "duped" by attorney Contreras (*id.* at 9), the court is not persuaded that this fact undermines the analysis set forth in the pending findings and recommendations. Plaintiff previously stated in his May 11, 2020 motion seeking the appointment of counsel on his behalf that attorney Contreras "ha[d] failed to commence any involvement to date" despite "continu[ing] to verbally promise his actions." (Doc. No. 71 at 2.) In that motion, which was actually dated by plaintiff back on May 1, 2020, plaintiff stated that at that time he hoped to gain assistance from the court in obtaining counsel. (*Id.*) In light of these representations by plaintiff himself, the court declines to accept plaintiff's contention he continued to reasonably rely on attorney Contreras until July 2, 2020. Even if plaintiff's contention were accepted, upon receiving attorney Contreras' letter, plaintiff clearly should have either filed a motion for an extension of time to respond to defendants' motion to compel, or at the very least addressed in his objections why he could not adequately respond to discovery requests.

The court is also unpersuaded by plaintiff's remaining objections. Plaintiff argues that he did submit his initial disclosures. (Doc. No. 81 at 1–2.) The magistrate judge acknowledged that plaintiff eventually filed initial disclosures following the issuance of the order to show cause, but nonetheless recommended dismissal of this action because plaintiff has yet to respond to the order to show cause itself, defendants' motion to compel discovery responses, and due to the repeated lack of or inadequacy of plaintiff's responses to discovery requests, motions and court orders. (Doc. No. 78 at 2.) The court is also unpersuaded by plaintiff's objection that defendants have provided no evidence that he refused mail, and "[f]urther, every other piece of mail was given to

---

[2] Plaintiff has attached to his objections an undated letter in which a "Tony C" explains that his license had been suspended for several years, and that he would be unable to represent plaintiff. (Doc. No. 81 at 16–17.) The undersigned notes that an attorney search on the State Bar of California's website does reveal a consumer alert that an attorney named Anthony Contreras is suspended from practicing law and has been placed on involuntary inactive status.

[plaintiff] along with the 'same' discovery request." (Doc. No. 81 at 2.)  Indeed, defendants attached the envelope annotated "Inmate" and "Refused Mail" to their motion to compel (*see* Doc. No. 69, Ex. A), and plaintiff concedes that he received that motion.  While acknowledging that he has received all of his mail, plaintiff still he has yet to explain his repeated failure to respond to defendants' discovery request.  Finally, plaintiff contends that he mailed a response to the court's order to show cause on July 3, 2020 (Doc. No. 81 at 4), but he has submitted no evidence in support of this conclusory assertion.  Even if plaintiff did mail a response to the court's order to show cause on the date he claims, that response would have been untimely by thirty days.  This further supports the magistrate judge's conclusion that "Plaintiff's repeated failure to follow this Court's orders and to prosecute this case that is causing delay." (Doc. No. 78 at 4.)

In sum, the undersigned agrees that consideration of the relevant factors in determining whether to dismiss for failure to prosecute and/or failure to comply with a court order ultimately weigh in favor of dismissal of this action. (*See* Doc. No. 78 at 3–4); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  Contrary to plaintiff's assertion that these circumstances were completely out of his control (Doc. No. 81 at 9), as explained above, the undersigned is not persuaded that this was the case.

Accordingly:

1. The findings and recommendations issued on July 2, 2020 (Doc. No. 78) are adopted in full;
2. Plaintiff's request for extension of time to submit evidence in support of his objections (Doc. No. 81) is denied;
3. This case is dismissed, without prejudice, due to plaintiff's failure to prosecute and failure to comply with court orders; and
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **January 2, 2021**                      _____
                                                                    UNITED STATES DISTRICT JUDGE

5